O'BRIEN (BOSSEAU v.). See Case No. 1.667.

O'BRIEN (COOKE v.). See Case No. 3,177.

O'BRIEN (MILLER v.). See Case No. 9,586.

O'BRIEN (UNITED STATES v.). See Case No. 15,909.

## Case No. 10,398.

### O'BRIEN v. WOODY.

[4 McLean, 75.] [1]

Circuit Court, D. Indiana. May Term, 1846.

FOREIGN WILL — TITLE TO LANDS — ALIENS AND CITIZENSHIP—JUDGMENT AGAINST EXECUTORS —SALE ON EXECUTION.

1. Under the statute of Indiana, a will made and recorded in any other state, according to the laws of such state, is valid to pass lands or other property in Indiana; and a copy duly certified from such record is made evidence.

2. An alien in the United States before 1802, may be admitted to the rights of citizenship, without proof of having resided. etc., five years.

3. A judgment against executors in Indiana, does not authorize an execution against the lands of the deceased.

4. A sale of land on such an execution can confer no title.

[This was an action in ejectment by O'Brien against Woody.]

Mr. Judah, for plaintiff.
Mr. Bright, for defendant.

OPINION OF THE COURT. The lessor of the plaintiff claims the tract of land in controversy, as devisee of Thomas Jones. The patent is dated the 12th of July, 1812, and was issued to Jones. An exemplification of his will being offered in evidence, was objected to, as not being duly authenticated. Jones died in the state of Pennsylvania, and a copy of the will is offered under Act 1824, § 8, which provides that "wills devising lands in this state, executed abroad, and proved according to the law of the country in which executed, and so duly certified under the seal of the court, or officers taking such proof, and the signature of the clerk of such court, and the same authenticated by the certificate of the presiding judge of such court, or the first judge of the county, or district, that the certificate is in due form of law, shall be sufficiently proved to admit the

[1] [Reported by Hon. John McLean, Circuit Justice.]

same to record, and be of like force as if taken within the state," etc. "And copies of the wills and testaments and codicils, proved as aforesaid, etc., and authenticated as aforesaid, shall be good and sufficient evidence of the devises or title therein contained."

It is objected that the statute requires the original will to be produced, having the authentication above specified. If the original were produced with the proofs. it might be evidence; but the statute declares a copy certified as required, shall be evidence. A copy, as in this case, from the Pennsylvania record of wills. As the will with its authentication may be recorded in this state, a copy from such record, it is presumed, would be evidence.

We think that the authentication is a substantial compliance with the act above cited. And if that law, as to the mode of proof, differs somewhat from the Indiana act on the same subject, still the above statute makes the proof valid. In regard to the proof of the will, the Pennsylvania mode is substituted for that of Indiana. If the original will were produced, it might be necessary, as laid down in Roberts, Wills, 145, to prove to the jury that it was attested by the witnesses. But the statute makes the copy duly authenticated evidence, without this proof.

It is objected that Thomas Jones was an alien, and that he consequently, could not transmit land by devise. That being an alien, on office found, his land would have reverted to the state And although this proceeding was not had, yet on his death the land passed to the state, as an alien could not transmit it by will. It is proved that the devisor was an alien. But under the act of congress of the 22d March, 1816 [3 Stat. 258], it is provided that "any alien residing in the United States before 1802, may be admitted to the rights of citizenship without proof of having resided, etc., five years," etc. Under this act, it is alleged that Jones became a citizen; and we think there is reasonable proof of the fact.

The defendant shows a sheriff's deed in 1828, and a record of a judgment and execution in Knox county, against Thomas Jones, under which the land in controversy was sold to Welburn; also, a deed from Welburn and wife to Block, and from Block and wife to the defendant. The judicial proceedings in Knox county were irregular. The judgment was obtained against one executor, there being two. And it was against the lands and tenements of the defendant, when there was no statute authorizing such a procedure. At common law, a judgment against an administrator or executor, does not authorize a sale of the real estate of the deceased.

Under the charge of the court, the jury found the defendant guilty, as charged in the declaration, to the extent of the interests represented by the lessors of the plaintiff. And there was a judgment entered on the verdict.